# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0273-CVE-TLW |
| | ) |
| BRIAN R. HUDDLESTON and | ) |
| CARLOTTA GORDON, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Petition, Complaint, and Claim in the Nature of a Suit for Deprivation of Federally Protected Rights under 42 USC 1983 Injunctive Declaratory Relief and Other Damages as the Court Shall Determine Responsible Law and Just (Dkt. # 1). Plaintiff has filed a complaint alleging that defendants improperly obtained a default judgment against him in the District Court of Washington County, Oklahoma, and he claims that defendants are committing criminal trespass by claiming a right to defendant's former property based on this default judgment. Construing plaintiff's complaint broadly, it appears that plaintiff is alleging that defendants' conduct violated his right to due process under the Fourteenth Amendment of the United States Constitution.

It is difficult to discern the factual basis for plaintiff's claims from his complaint, but the documents attached to the complaint show that plaintiff was formerly married to Carlotta Gordon and Brian R. Huddleston was Gordon's attorney in the divorce proceedings. See Dkt. # 1, at 5. Plaintiff did not appear for a pretrial hearing to resolve property division issues and the state court entered a final decree of dissolution of marriage by default. Id. Plaintiff claims that he did not receive notice of this hearing. Id. at 2. It appears that the state court awarded certain real property

to Gordon in the divorce proceedings, and plaintiff alleges that Gordon and Huddleston are engaging in criminal trespass by claiming a right to plaintiff's former property. Id.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. Plaintiff has

not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Construing plaintiff's allegations broadly, it appears that he is asserting a trespassing claim against Gordon and Huddleston for claiming a right to plaintiff's former real property that was awarded to Gordon in divorce proceedings. The Tenth Circuit has considered nearly identical claims and found that such claims are not cognizable under 42 U.S.C. § 1983 for two reasons. First, neither Gordon nor Huddleston are state actors for the purpose of a § 1983 claim. Read v. Klein, 1 Fed. Appx. 866, 870-71 (10th Cir. Jan. 9, 2001) (former husband could not sue ex-wife and her attorney for obtaining a divorce decree by default, because neither the wife nor her attorney became state actors merely by filing a civil lawsuit in state court).[1] Second, the divorce decree is a valid state court judgment and plaintiff is barred from bringing a claim in federal court that would directly challenge the validity of that judgment. Id. at 869. Plaintiff is asking the Court to set aside a divorce decree issued by a state court and determine that he is entitled to a particular piece of property awarded to Gordon in the divorce proceedings, but plaintiff may obtain this relief only through an appeal to an appropriate Oklahoma appellate court. It is clear that plaintiff has not stated a federal claim against Gordon and Huddleston and, under § 1331, a case invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006)

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

(quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  Thus, the Court lacks subject matter jurisdiction over this case and plaintiff's claims should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 5th day of May, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT